IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV308-1-MU

JOSEPH MICHAEL GRIFFITH,        )
                                )
        Plaintiff,               )
                                )
        v.                       )        **O R D E R**
                                )
S.A. BIRD, et al.,              )
                                )
        Defendants.              )
_____)

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Temporary Restraining Order, filed August 16, 2007.

On July 27, 2006, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his federal constitutional right to free exercise of the Wicca religion. On September 27, 2006, Defendants filed an Answer. On December 15, 2006, Defendants filed a Motion for Summary Judgment. Plaintiff responded to the Motion for Summary Judgment.

Plaintiff has now filed a Motion for a Temporary Restraining Order. In his motion Plaintiff requests that the Court stop the staff members at the prison where he is incarcerated[1] from taking certain legal documents associated with the present legal case. Plaintiff asserts that he is facing prison disciplinary action for possessing these documents which he received as exhibits to Defendant's Motion for Summary Judgment. Plaintiff also complains about other various items that have been confiscated.

The standard for evaluating a temporary restraining order request is the balancing-of-hardship

---

[1] The Court notes that since the filing of the present motion, Plaintiff has been transferred to a different prison facility.

analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193 (4th Cir. 1977). Under this analysis this Court must consider the following four factors: 1) the likelihood of irreparable harm to the plaintiff if the injunction is denied; 2) the likelihood of harm to the defendant if the relief is granted; 3) the likelihood that the plaintiff will succeed on the merits; and 4) the public interest. See Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). The granting of a temporary restraining order is "an extraordinary remedy involving the exercise of very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Drexel Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992).

Upon thoroughly reviewing the Complaint, this Court concludes that the actions Plaintiff complains of do not warrant the issuance of a restraining order. Significantly, Plaintiff has not established that he will suffer irreparable harm if an injunction is not granted. Indeed, he does not even assert that he will be irreparably harmed much less sufficiently establish that fact. Moreover, the likelihood of harm to the Defendants is great. That is the involvement of the court system in the daily operation of a prison is burdensome. The likelihood that Plaintiff will prevail on the merits is not especially strong. Finally, ,the public interest is best served if the Courts do not get involved in the daily operations of a prison, particularly prior to a finding that the Constitution has been violated.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for a Temporary Restraining Order is **DENIED.**

Signed: March 26, 2008

Graham C. Mullen
United States District Judge