# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV308-1-MU

| | |
|---|---|
| JOSEPH MICHAEL GRIFFITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| S.A. BIRD, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Defendants' Motion for Summary Judgment (Doc. No. 19) filed December 15, 2006; Plaintiff's Motion for Summary Judgment (Doc. No. 31), filed June 20, 2008; and Plaintiff's Motion for Default Judgment (Doc. No. 40), filed April 9, 2009.

## FACTUAL BACKGROUND

On July 27, 2006, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 against three individuals[1] alleging that they had violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and his First and Fourteenth Amendment rights. More specifically, Plaintiff alleges that he, as a Wiccan, has been denied the right to "peacefully assemble and practice his religion." (Compl. 4.)[2] Plaintiff asserts that while

---

[1] In an Order dated August 1, 2006, this Court dismissed Defendant Rick Jackson because Plaintiff failed to state a claim against him. In that same Order, this Court also dismissed the North Carolina Department of Corrections from this case on the basis that this entity is not a proper party to a § 1983 lawsuit.

[2] All page number references correlate with the Electronic Court Filing numbers generated when a document is filed with the Court.

other faiths are allowed to gather to celebrate their religion, Defendants have not allowed Wiccans, and specifically Plaintiff, to so gather. Plaintiff also alleges that he has been denied the religious items needed to practice his religion. Plaintiff, among other things, seeks twenty-five thousand dollars in compensatory damages from each defendant and twenty-five thousand dollars in punitive damages from each defendant. Plaintiff also requests a court order granting him the right to freely practice his religion in the chapel.

On December 15, 2006, Defendant Bird, the Clinical Chaplain at Lanesboro Correctional Institution (LCI) and Defendant Brown, the Director of Chaplaincy Services for the Division of Prisons (DOP), filed a Motion for Summary Judgment. (Doc. No. 19.)

## ANALYSIS

**A. Summary Judgment Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 106 (1986); Celotex Corp. v. Catrett, 477 U. S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

In opposing a summary judgment motion, the "non-moving party must do more than present a mere "scintilla" of evidence in his favor. Rather, the non-moving party must present sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence for the non-movant." Sylvia Dev. Corp. v. Calvert County Md., 48 F.3d 810, 818 (4th Cir.

2

1995)(quoting Anderson , 477 U.S. at 249-50). An apparent dispute is "genuine" only if the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment must be granted." Anderson, 477 U.S. at 249.

**B. RLUIPA**

Section 3 of the Religious Land Use and Institutionalized Persons Act (RLUIPA)[3] provides that a state shall not impose a substantial burden on the religious exercise of a person confined in one of its institutions, even if it results from a rule of general applicability, unless it is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA requires the inmate to bear the burden of persuasion concerning the substantial burden element. Id. § 2000cc-2(b). If the inmate can meet this requirement, then the burden shifts to the government to show that such a denial furthers a compelling state interest in the least restrictive means. The Supreme Court has noted that Congress "anticipated that courts would apply [RLUIPA's] standard with "due deference to the experience and expertise of prison administrators in establishing necessary regulations and procedures to maintain good order, security, and discipline . . . ." Cutter v. Wilkinson, 125 S. Ct. 2113, 2123 (2005)(quoting S. Rep. No. 103-111, p. 10 (1993)).

As an initial matter, the Court notes that damages are unavailable to Plaintiff. Individuals sued in their official capacity are not liable for money damages under the RLUIPA. Madison v. Virginia, 474 F.3d 118 (4th Cir. 2006). The Fourth Circuit has also recently held that individuals

---

[3] The Supreme Court has ruled that the sections of the RLUIPA increasing the level of protection of prisoner's religious rights do not violate the Establishment Clause. See Cutter v. Wilkinson, 544 U.S. 709 (2005).

may not be held liable in their individual capacity for damages for RLUIPA claims based upon the Spending Clause. Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009). While Plaintiff does not specify what constitutional basis for RLUIPA he is proceeding under, because Plaintiff does not assert that the alleged denial of his ability to gather for corporate worship and obtain unidentified Wicca items would "affect commerce with foreign nations, among the several states, or with Indian tribes" Id. at 189 this Court finds that Plaintiff is not proceeding on such constitutional basis and his claim for money damages against the defendants in their individual capacities is not authorized by the RLUIPA.

Plaintiff, however, has also requested injunctive relief. After a careful review of the record, this Court concludes that Plaintiff is not entitled to any injunctive relief as he has failed to state a claim against the Defendants. More specifically, Plaintiff has failed to establish that the Defendants acted with the requisite intent.

In order to state a RLUIPA claim against an individual, a plaintiff must establish that they acted with the requisite intent. In the RLUIPA context, the Fourth Circuit has held that such a claim requires more than negligence and is satisfied by intentional conduct. Lovelace v. Lee, 472 F.3d 174, 194-95 (4th Cir. 2006). The Fourth Circuit has not yet determined if deliberate indifference[4] is sufficient to state a claim under the RLUIPA. Id. at 195.

In the instant case, the uncontroverted evidence establishes that Defendant Bird was not intentionally nor deliberately indifferent to Plaintiff's religious rights. The evidence supports the

---

[4] Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990).

conclusion that Defendant Bird acted pursuant to Department of Correction (DOC) and Division of Prison (DOP) policy. That is, in accordance with DOC and DOP policy, Defendant Bird allowed corporate worship if an approved volunteer was available to supervise the gathering. (Bird Aff. ¶¶ 14-15.) Moreover, the evidence supports a conclusion that Defendant Bird actively attempted to recruit a new Wicca volunteer but was unable to locate one. (Bird Aff. ¶ 15.)

Likewise, the record supports a conclusion that Defendant Bird did not intentionally nor with deliberate indifference deny Plaintiff unidentified Wicca items. Defendant Bird sets forth in his affidavit that no Wiccan vendor had been approved as the prison was waiting for tax identification information from the vendor. (Bird Aff. ¶ 6.) Defendant Bird contacted the vendor in an attempt to obtain such information. (Bird Aff. ¶¶ 8, 11.)

Moreover, the Court notes that contrary to Plaintiff's bald, unsupported assertion of unresponsiveness, the record supports a conclusion that Defendant Bird promptly responded to Plaintiff's numerous requests. (Bird Aff. and Exs. A – F.) A review of the contemporaneous log sheet and the Request for Information sheets detailing inmate inquiries to Defendant Bird supports a conclusion that Defendant Bird promptly responded to Plaintiff's numerous inquiries in compliance with the manual. Plaintiff simply does not present evidence to establish that Defendant Bird was intentionally or deliberately indifferent to his religious rights. As such, Plaintiff has failed to establish a RLUIPA claim against Defendant Bird.

Likewise, Plaintiff fails to establish that Defendant Brown was intentionally or deliberately indifferent to his religious rights. It appears that the entire extent of Defendant Brown's involvement in this case is her response to a February 2006, letter written by Plaintiff complaining about his inability to purchase religious items and the limited corporate worship

5

opportunities available to him. After investigating Plaintiff's allegations and reviewing applicable DOC and DOP policies, which was written in consultation with a Wicca resource person, Defendant Brown sent Plaintiff a letter explaining that the Wicca faith does not require corporate worship and that he was free to practice Wicca on an individual basis at any time. Defendant Brown also informed Plaintiff that Defendant Bird had made reasonable good faith effort to contact Wiccan vendors but to no avail as of the time of the letter. (Brown Apr. 3, 2006, Ltr.) There is no evidence to support a conclusion that Plaintiff interacted at any other time with Defendant Brown. Nor is there any evidence that Defendant Brown had the authority to change the policies set forth in the manual. Consequently, Defendant Brown's actions do not support a conclusion that she acted intentionally or with deliberate indifference to deprive Plaintiff of his religious rights. As such, Plaintiff has failed to establish a RLUIPA claim against Defendant Brown.

## C. FIRST AMENDMENT CLAIM

Petitioner also alleges that Defendants' actions violated his rights under the Free Exercise Clause of the Constitution.

The United States Supreme Court has held that a prison regulation that infringes upon a prisoner's constitutional rights is valid if it is reasonably related to legitimate penological interests. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349-50 (1987); Turner v. Safley, 482 U.S. 78, 89 (1987). The use of a rational basis standard "reflects a basic reality of conviction and confinement: Although prisoners are not completely without the Constitution's protection, 'lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . .'" In re Long Term Administrative Segregation of Inmates Designated as Five

6

Percenters, 174 F.3d 464, 468 (4th Cir. 1999)(quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)). Consequently, "once a prison demonstrates that it is pursuing a legitimate governmental objective, and demonstrates some minimally rational relationship between that objective and the means chosen to achieve that objective, we must approve those means." Id. at 468-69 (citation omitted).

The Supreme Court has identified four factors relevant to determining whether a prison policy is reasonably related to a legitimate penological interest. First, a regulation must have a logical connection to legitimate governmental interests invoked to justify it. Second, the inmates should have alternative means of exercising their religious rights. Third, accommodating the inmate's religious rights should not severely impact other inmates, prison officials, or the allocation of prison resources generally. Fourth, the existence of obvious, easy alternatives to the policy adopted by the prison may serve to undermine the reasonableness of the policy or regulation. See O'Lone, 482 U.S. at 350-53; Turner, 482 U.S. at 89-91.

In the instant case, Plaintiff argues that the Defendants violated his First Amendment rights by refusing to allow him to engage in corporate worship and refusing to obtain Wicca items for him. Using the factors set forth by the Supreme Court, the Court finds that Plaintiff's claim must fail.

First, the prison policy of requiring an approved volunteer to oversee religious gatherings and the policy of requiring vendors to go through an approval process is rationally related to the legitimate governmental interest of institutional order and security. Second, Wiccans are free to practice Wicca on an individual basis at any time. In addition, Lanesboro offers its Wiccan population the opportunity to gather for eight specific holidays  Finally, it is specifically

7

recognized that certain items are permitted to be used by inmates to practice their religion. Thus the prison provides its Wiccan prisoners with an alternative means of exercising their religious rights. Third, allowing prisoners to hold corporate worship without an approved volunteer would greatly impact prison personnel and other inmates. Fourth, Plaintiff offers various alternatives to the prison's policy such as having the Chaplain oversee these weekly gatherings or having a hallway security officer oversee such gatherings. Defendants do not specifically respond to these suggestions. Likely such alternatives are costly as they would require additional staff time.[5] However, such a determination is not dispositive to the overriding issue of whether the regulations at issue are reasonably related to legitimate penological interests. Turner, 482 U.S. at 91 (First Amendment analysis not a least restrictive alternative test). Consequently, upon reviewing the record as a whole, the Court finds that the Defendants did not violate Plaintiff's First Amendment rights.

Moreover, even if the Turner factors were not satisfied, Plaintiff's Free Exercise claim still fails because he cannot establish that Defendants intentionally violated his Free Exercise rights. See Lovelace v. Lee, 472 F.3d 174, 201 (4th Cir. 2006)(only intentional conduct is actionable under the Free Exercise Clause). As set forth previously in this Order, this Court concludes that Plaintiff has not established that either Defendant acted intentionally to deprive him of his rights under the Free Exercise Clause of the First Amendment.

## D. EQUAL PROTECTION CLAIM

Petitioner also alleges that Defendants' actions violated his rights under the Equal

---

[5] The record supports a conclusion that the number of declared Wicca inmates at Lanesboro was extremely small.

Protection Clause of the Constitution.

In order to prevail on his Equal Protection claim, Plaintiff must demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Again, for the reasons previously stated the record does not support a conclusion that either Defendant intentionally violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. Rather, it appears that the Defendants were merely following the Religious Practices Manual. Consequently, because Plaintiff cannot establish the requisite intent for an Equal Protection claim, this claim is denied.

E. **MOTION FOR DEFAULT JUDGMENT**

Plaintiff filed a motion seeking a default judgment against Defendants. Plaintiff argues that a default judgment should be entered because Defendants did not respond to his Motion for Summary Judgment. The failure to file a response to Plaintiff's Motion for Summary Judgment did not constitute a "failure to defend." Defendants have filed an Answer; a Motion for Summary Judgment, and other documents which clearly evidence a defense against the claims contained in Plaintiff's Complaint. Consequently, Plaintiff's Motion for Default Judgment is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. No. 19) is **GRANTED**;

2. Plaintiff's Motion for Summary Judgment (Doc. No. 31) is **DENIED**;

3. Plaintiff's Motion for Default Judgment (Doc. No. 40) is **DENIED**; and

4. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED**.

Signed: November 3, 2009

Graham C. Mullen
United States District Judge